## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **Tumac Lumber Co., Inc.,**           Plaintiff, <br><br> v. <br><br> **United States,**           Defendant. | Court No. 23-00180 |

## **COMPLAINT**

Pursuant to Rule 3(a)(2) of Rules of the United States Court of International Trade ("CIT" or "Court"), Tumac Lumber Co., Inc. ("Tumac" or "Plaintiff"), by and through its counsel, allege and state the below claims against Defendant United States.

## **DETERMINATION CONTESTED**

Tumac seeks judicial review of the U.S. Department of Commerce's ("Commerce") final determination that imports of certain hardwood plywood products from Vietnam are circumventing the antidumping ("AD") and countervailing duty ("CVD") orders on certain hardwood plywood products from China, including related determinations on the scope of the AD/CVD orders. *Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023) and accompanying Issues and Decision Memorandum ("Final Determination").

## **JURISDICTION**

Tumac brings this action under 19 U.S.C. § 1516a(a)(2)(B)(vi) (Section 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended).  Pursuant to 28 U.S.C. § 1581(c), this Court has jurisdiction over any civil action commenced under Section 516A of the Tariff Act of 1930.

## PLAINTIFF STANDING

Tumac is a United States importer of hardwood plywood products from Vietnam and participated in the underlying administrative proceeding before Commerce, making it an interested party under 19 U.S.C. § 1677(9)(A).  Accordingly, Tumac has standing to bring this action under 19 U.S.C. 1516a(d) and 28 U.S.C. 2631(c).

## TIMELINESS OF THE ACTION

Tumac filed a summons with the Court on August 16, 2023 (ECF No. 1), timely commencing this action within 30 days of the issuance of Commerce's Final Determination.  19 U.S.C. § 1516a(a)(2)(A)(ii).  This complaint, filed on September 14, 203, is timely filed within 30 days of the aforementioned summons.  *Id.*, *see also* 19 U.S.C. § 2636(c) and CIT Rule 3(a)(2).

## STATEMENT OF FACTS

On January 4, 2018, Commerce published the AD/CVD Orders on certain hardwood plywood products from China.  *Certain Hardwood Plywood Products from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order*, 83 Fed. Reg. 504 (January 4, 2018) ("AD Order") and *Certain Hardwood Plywood Products from the People's Republic of China: Countervailing Duty Order*, 83 Fed. Reg. 513 (January 4, 2018) ("CVD Order") (collectively, "AD/CVD Orders" or "Orders").

On June 17, 2020, Commerce announced the initiation of the scope and anticircumvention investigations into alleged evasion of the Orders. *Certain Hardwood Plywood Products From the People's Republic of China: Initiation of Anti-Circumvention Inquiries and Scope Inquiries on the Antidumping Duty and Countervailing Duty Orders; Vietnam Assembly*, 85 Fed. Reg. 36,530 (June 17, 2020).

Soon thereafter, interested parties sought clarification from Commerce on the product coverage of the scope and anticircumvention inquiries. On July 9, 2020, in response to these requests, Commerce issued a memorandum clarifying the product coverage of the twin inquiries. Memorandum from Kabir Archuletta to The File, "Clarification of Merchandise Subject to Anti-Circumvention and Scope Inquiries" (July 9, 2020) (Barcode 3998356-01). In relevant part, Commerce noted that the investigation "does not include core veneers fully produced in Vietnam or a third-country that are assembled into a veneer core platform in Vietnam and combined with a face and back veneer produced in China." *Id.* at p. 2. Accordingly, Commerce made clear that products covered by the scope and anticircumvention inquiries did <u>not</u> include products with cores produced in Vietnam.

On July 17, 2020, Commerce released data concerning entries of hardwood plywood from Vietnam that entered the United States during between December 8, 2016 and March 31, 2020. Memorandum from Kabir Archuletta to The File, "Release of U.S. Customs and Border Protection Data and Publicly Identifiable Companies" (July 17, 2020) (Barcode 4002162-01). In this memorandum, Commerce stated that it would later release quantity and value ("Q&V") questionnaires to the Vietnamese companies identified in the data.

Commerce issued original and supplemental Q&V questionnaires to Vietnamese hardwood plywood producers and exporters on September 10, 2020, February 22, 2021, and

June 15, 2021. One of Tumac's suppliers, Greatriver Wood Co., Ltd. ("Greatriver"), responded to these questionnaires in full on October 1, 2020, March 22, 2021, and July 9, 2021, respectively. In its responses, Greatriver confirmed that it does not produce hardwood plywood products subject to the scope and anticircumvention inquiries.

On July 29, 2022, Commerce published its preliminary affirmative determination of circumvention and related scope determination in the Federal Register. *Certain Hardwood Plywood Products from the People's Republic of China: Preliminary Scope Determination and Affirmative Preliminary Determination of the Antidumping and Countervailing Duty Orders*, 87 Fed. Re. 45,753 (July 29, 2022) and accompanying Preliminary Decision Memorandum ("Preliminary Determination"). In the Preliminary Determination, Commerce identified five "production scenarios" that were subject to the scope and anticircumvention inquiries:

1. Face veneer, back veneer, and assembled core components (e.g., veneer core platforms) manufactured in China and assembled in Vietnam;

2. Fully assembled veneer core platforms manufactured in China that are combined in Vietnam with face and/or back veneers produced in Vietnam or third countries;

3. Multi-ply panels of glued core veneers manufactured in China that are combined in Vietnam to produce veneer core platforms and combined with either a face and/or back veneer produced in China, Vietnam, or a third country;

4. Face veneer, back veneer, and individual core veneers produced in China and assembled into hardwood plywood in Vietnam; and

5. Individual core veneers manufactured in China and processed into a veneer core platform in Vietnam and combined with a face and/or back veneer produced in Vietnam or other third country.

PDM at p. 7. Consistent with the July 9, 2020 scope clarification memorandum, all of these production scenarios involved products with a core that experienced some sort of Chinese manufacturing process.

Also, in the Preliminary Determination, Commerce determined to apply adverse facts available ("AFA") to twenty-two companies, including Greatriver, that, according to Commerce "provided significantly contradicting or misleading information and, as a result, their responses cannot be relied upon for {the} preliminary determination." PDM at p. 10; *see also* Memo from Kabir Archuletta to The File, "Application of Adverse Facts Available for the Preliminary Determination" (July 22, 2022) (Barcode 4267782-01). Based on AFA, these companies were determined to be circumventing the AD/CVD Orders. PDM at p. 26. Additionally, these companies were barred from participating in the certification scheme established by Commerce, whereby Vietnamese producers/exporters and their U.S. importers could attest that their hardwood plywood products completed in Vietnam were not produced under any of the production scenarios subject to the scope and anticircumvention inquiries and thereby forgo payment of otherwise applicable AD/CVDs. PDM at p. 27.

Commerce determined to verify several companies involved in the scope and anticircumvention inquiries, including Greatriver. *See* Letter from Kabir Archuletta to All Interested Parties, "Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Verification Preparedness Questionnaire" (September 27, 2022) (Barcode: 4288540-01); Letter from Kabir Archuletta to Selected Companies, "Circumvention Inquiry on the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood Products from the People's Republic of China: Verification of Questionnaire Responses" (October 7, 2022) (Barcode: 4294124-01); Memorandum from Kabir Archuletta to Interested Parties, "Revised Verification Schedule" (October 13, 2022) (Barcode: 4299926-01). However, the day before the Greatriver verification was scheduled to take place, Commerce determined to cancel the verification, stating

that it had been scheduled "inadvertently."  Memorandum from Emily Halle to Interested Parties, "Verification Schedule Update" (October 18, 2022) (Barcode: 4301271-01).  Though Greatriver later filed with Commerce information that it had prepared for the verification, demonstrating that it does <u>not</u> produce merchandise subject to the scope and anticircumvention inquiries, Commerce rejected such information as untimely filed.  Letter from Kabir Archuletta to Greatriver Wood Co., Ltd., "Circumvention Inquiry of the Antidumping and Countervailing Duty Orders on Certain Hardwood Plywood from the People's Republic of China – Rejection of Greatriver Wood Co. Ltd.'s Submission" (December 19, 2022) (Barcode: 4321395-01).

In January and February 2023, a number of interested parties, including Tumac and Greatriver, filed case and rebuttal briefs with Commerce concerning its Preliminary Determination.

In its Final Determination, published in the Federal Register on July 20, 2023, Commerce continued to determine that companies it deemed to be "uncooperative," including Greatriver, were circumventing the AD/CVD Orders, barring such companies from participating in the established certification scheme.  *Certain Hardwood Plywood Products From the People's Republic of China: Final Scope Determination and Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders*, 88 Fed. Reg. 46,740 (July 20, 2023) and accompanying Issues and Decision Memorandum ("Final Determination").

<u>STATEMENT OF CLAIMS</u>

**Count 1:      Commerce Impermissibly Expanded the Scope of the AD/CVD Orders**

Under U.S. law, merchandise that is subjected to antidumping and countervailing duties pursuant to antidumping and countervailing duty orders must first be determined to be causing (or threatening to cause) material injury to the domestic industry by the U.S. International Trade

Commission ("ITC").  19 U.S.C. §§ 1671, 1673.  Below, Commerce violated these statutory requirements by instructing U.S. Customs and Border Protection ("CBP") to collect antidumping and countervailing duties on merchandise (*i.e.*, hardwood plywood without Chinese cores) that was <u>never</u> subject to an injury analysis by the ITC.  Simply put, the ITC <u>never</u> reached injury determinations regarding hardwood plywood products with non-Chinese cores (MDF core or veneer core).  United States International Trade Commission, Publication 4747, *Hardwood Plywood from China*, Investigation Nos. 701-TA-565 and 731-TA-1341 (December 2017).  Nor did Petitioners even contemplate that such products, whether from Vietnam or elsewhere outside of China, would be investigated, or request such an investigation or scope ruling in their request to Commerce for a scope ruling or anti-circumvention ruling.  Letter from The Coalition for Fair Trade in Hardwood Plywood to Secretary Ross, "Certain Hardwood Plywood Products from the People's Republic of China: Request for Scope Ruling/Anti-Circumvention Ruling" (February 25, 2020) (Barcode 3947222-01).  And, as identified above, Commerce repeatedly confirmed in the below proceeding that the scope and anticircumvention inquiries did <u>not</u> cover hardwood plywood products without Chinese cores.  Accordingly, Commerce's determination to subject hardwood plywood products without Chinese cores to antidumping and countervailing duties, by barring certain Vietnamese companies and their U.S. importers from attesting that their products are not subject to the AD/CVD Orders, is plainly unlawful.

**Count 2:     There is No Substantial Evidence Basis to Determine that Vietnamese Producers/Exporters, Including Greatriver, Produced or Exported Merchandise Subject to the AD/CVD Orders**

Commerce's Final Determination, which applies on a country-wide basis, rests entirely on the adverse inference that certain Vietnamese companies produced and/or exported hardwood plywood under five identified production scenarios.  However, Commerce never reached the

determination – with respect to any company – that merchandise is *actually* being produced in Vietnam under the five aforementioned production scenarios. Rather, as Commerce determined in the Preliminary Determination, "no companies that responded to our initial, or supplemental, Q&V questionnaires reported producing hardwood plywood under any of the five production scenarios subject to these inquiries." PDM at 4 (emphasis added). Accordingly, the administrative record below is entirely devoid of the evidence required for Commerce to reach an affirmative circumvention determination. Commerce's Final Determination thus lacks a substantial evidence basis and is otherwise not in accordance with law.

**Count 3:    Commerce Arbitrarily and Unlawfully Applied AFA to Greatriver**

Commerce's determination to apply AFA to Greatriver is arbitrary and unlawful. Commerce's determination that Greatriver's responses were deficient, contradictory, or inconsistent is not supported by the record evidence. Commerce never requested any additional information to rectify perceived problems with Greatriver's reported information, nor did it identify the nature of those problems and afford Greatriver the opportunity to cure them, in contravention of 19 U.S.C. § 1677m(d). When Greatriver learned of Commerce's determination to apply AFA, and offered to provide additional information to the agency, Commerce rejected this offer. In addition, while Commerce could have (and planned to) verify Greatriver's responses to overcome any perceived problems with the company's responses, Commerce determined not to verify Greatriver at the eleventh hour. In light of these unlawful procedural maneuvers by Commerce, and the fact that no information is, in fact, missing from Greatriver's responses, the determination to apply AFA to Greatriver is arbitrary and unlawful.

## PRAYER FOR JUDGMENT AND RELIEF

Based on the above, Tumac respectfully requests that this Court:

(1)  hold that Commerce's Final Determination is unlawful and unsupported by substantial evidence;

(2)  remand this matter to Commerce for disposition consistent with the final order of the Court; and

(3)  provide such other relief as the Court may deem just and proper.

    Respectfully submitted,

    /s/ Gregory S. McCue

    Thomas J. Trendl
    Gregory S. McCue
    Zachary Simmons

    **Steptoe & Johnson LLP**
    1330 Connecticut Ave. NW
    Washington, DC 20036

    (202) 429-6421
    gmccue@steptoe.com

September 14, 2023    *Counsel for Tumac Lumber Co., Inc.*